UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **ELTON JOHNSON** | * | |
| | * | |
| | * | |
| **Plaintiff** | * | **CASE NO. 10-1347** |
| | * | |
| versus | * | |
| | * | **SECTION:** |
| **BP, plc, BP PRODUCTS NORTH AMERICA, INC.,** | * | |
| **BP AMERICA, INC., TRANSOCEAN, LTD.,** | * | |
| **TRANSOCEAN OFFSHORE DEEPWATER** | * | **MAGISTRATE:** |
| **DRILLING, INC., TRANSOCEAN DEEPWATER,** | * | |
| **INC., AND TIDEWATER MARINE, LLC** | * | |
| | * | |
| **Defendants** | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**COMPLAINT**

The Petition for Damages of Elton Johnson, a person of the full age of majority, and a resident and domiciliary of Bunkie, Avoyelles Parish, Louisiana, respectfully represents, as follows, to-wit:

1.

Made defendants herein are:

    A.    **BP, PLC** ("BP"), a foreign corporation authorized to do and doing business in the State of Louisiana;

    B.    **BP PRODUCTS NORTH AMERICA, INC.** ("BP Products"), a foreign corporation authorized to do and doing business in the State of Louisiana;

    C.    **BP AMERICA, INC.** ("BP America"), a foreign corporation authorized to do and doing business in the State of Louisiana;

D. **TRANSOCEAN, LTD** ("Transocean"), a foreign corporation authorized to do and doing business in the State of Louisiana;

E. **TRANSOCEAN OFFSHORE DEEPWATER DRILLING, INC.** ("Transocean Offshore"), a foreign corporation authorized to do and doing business in the State of Louisiana;

F. **TRANSOCEAN DEEPWATER, INC.** ("Transocean Deepwater"), a foreign corporation authorized to do and doing business in the State of Louisiana and within this district; and

G. **TIDEWATER MARINE, L.L.C.**, hereinafter referred to as "Tidewater Marine," a Louisiana corporation with its principle place of business in New Orleans, Louisiana.

2.

The defendants, are justly and truly indebted unto plaintiff, Elton Johnson, jointly, severally and *in solido,* for the following reasons, to-wit:

3.

At all material times, plaintiff Elton Johnson was employed by TIDEWATER MARINE as a Jones Act seaman.

4.

Plaintiff was assigned by defendant, TIDEWATER MARINE, to work aboard the *MV Damon B. Bankston,* a supply vessel, which was mud roped to the offshore drilling vessel, DEEPWATER HORIZON, in order to send and receive supplies.

5.

DEEPWATER HORIZON was moored to the ocean floor at the time of the incident and was owned and/or operated and/or chartered and/or controlled by TRANSOCEAN and/or BP at all material times herein.

6.

On or about April 20, 2010, plaintiff, Elton Johnson, was an employee of TIDEWATER MARINE working on the *MV Damon B. Bankston* supply vessel mud-roped to DEEPWATER HORIZON. Suddenly and without warning, at approximately 10 p.m. on April 20, 2010, while the vessel, DEEPWATER HORIZON, was performing drilling operations for crude oil off the coast of Louisiana, an explosion occurred on DEEPWATER HORIZON.

7.

The explosion violently threw the plaintiff, Elton Johnson, approximately seven (7) feet into a wall and onto a door of the engine room in the supply vessel. As a result, plaintiff was rendered temporarily unconscious and sustained a concussion.

8.

As a result, plaintiff, Elton Johnson, sustained the following injuries:

A.   Back pain;

B.   Shoulder pain;

C.   Headaches;

D. Ringing of the ears; and

E. General soreness throughout the body.

9.

Additionally, once plaintiff came to, he helped rescue approximately 60 crewmembers of DEEPWATER HORIZON oil rig, who had either been blown off or had jumped overboard from the rig.

10.

As a result of the trauma of the foregoing events and his diligent rescue efforts, plaintiff is also suffering from serious emotional and/or psychological problems, including, but not limited to, the following:

A. Anxiety;

B. Restlessness;

C. Nightmares;

D. Post-traumatic stress; and

E. Depression.

11.

Plaintiff, Elton Johnson, was at all times pertinent hereto ordered to be and performing his duties and functions as instructed and obliged to perform pursuant to directives of defendant, TIDEWATER MARINE.

12.

The accident was caused by no fault of plaintiff and was caused solely by the negligence of defendants, as more particularly set forth herein.

13.

At all times pertinent hereto, the vessel on which the explosion occurred was owned, navigated in navigable waters, manned, possessed, managed, controlled, chartered and/or operated by defendants, TRANSOCEAN and/or BP.

14.

The explosion which caused plaintiff's injuries occurred as a result of the negligence of defendants, TRANSOCEAN and/or BP. These acts of negligence render the defendants liable to plaintiff pursuant to the provisions of 46 U.S.C. § 688 and the general maritime law for negligence.

15.

Plaintiff's accident was caused by defendants' violation of numerous statutes and regulations, including, but not limited to, statutes and regulations issued by OSHA and the United States Coast Guard.

16.

Plaintiff, Elton Johnson, demands that defendant, TIDEWATER, provide him with maintenance and cure benefits until such time as he reaches "maximum medical cure," as determined by his treating physician. Plaintiff demands that maintenance be

instituted in the amount of $40.00 per day from the date of his injury.

17.

The above-described incidents were caused solely by the negligence of defendants, TRANSOCEAN and/or BP, through their agents, servants and employees, which are more particularly described as follows:

A. Negligent failure to properly perform the operation ongoing at the time of the accident/explosion in question;

B. Negligent failure to take all appropriate precautions to avoid an accident and explosion of the kind which occurred;

C. Negligent failure to have all proper equipment and gear necessary to perform the job being performed at the time of the accident and explosion in a safe manner;

D. Negligent failure to keep the equipment on board the vessel in proper condition and repair;

E. Negligent failure to properly inspect the rig and all of its equipment and gear;

F. Negligent failure to have sufficient number of properly trained and qualified personnel to perform the job in a safe manner being performed at the time of the accident and explosion;

G. Negligent failure to properly train and/or instruct and/or warn Elton Johnson and those similarly situated;

H. Negligent violation of government and industry rules, regulations and standards;

I. Acting in a grossly negligent, reckless, willful and wanton manner with respect to the ownership and operation of the rig, the operation which was ongoing at the time of the accident and explosion with respect to

      Elton Johnson;

J.      Other acts of negligence and fault which may be shown through discovery or at trial; and

K.      Generally, the failure of Transocean to act with the required degree of care commensurate with the existing situation.

18.

In the further alternative, plaintiff, Elton Johnson, reiterating and realleging each and every allegation set forth above as though set forth herein *in extensio*, avers the applicability of the doctrine of Res Ipsa Loquitur.

19.

As a result of the above-described negligence, plaintiff, Elton Johnson, is entitled to recover the following damages:

A.      Physical and mental injury, pain and suffering, mental anguish and distress and fright;

B.      Loss of earnings, past and future;

C.      Loss of earning capacity;

D.      Loss of enjoyment of life;

E.      Mental anguish, grief, profound depression, anxiety and suffering;

F.      Medical and related expenses, past and future;

G.      Punitive or exemplary damages;

H.      Other items of damage which may be shown through discovery or at trial;

I.     All appropriate general and equitable relief;

J.     Prejudgment interest on all sums awarded from date of loss until paid;

K.     Post-judgment on all sums awarded from date of judgment until paid; and

L.     All court costs and litigation costs allowed by law.

20.

The defendants' conduct was reckless and egregious in complete disregard of the safety of plaintiff and are therefore liable for punitive damages.

WHEREFORE plaintiff, ELTON JOHNSON, prays that after due proceedings are had, there be judgment in his favor and against the defendants, BP, PLC, BP PRODUCT NORTH AMERICA, INC, BP AMERICA, INC., TRANSOCEAN, LTD, TRANSOCEAN OFFSHORE DEEPWATER DRILLING, INC., TRANSOCEAN DEEPWATER, INC., and TIDEWARTER MARINE, L.L.C., jointly, severally and in solido, for compensatory, punitive, exemplary and other appropriate damages, with legal interest thereon from date of loss until paid, for all costs of this proceeding. Plaintiff also prays for all other relief as may be just and equitable in the premises.

Respectfully submitted,

**HERMAN, HERMAN, KATZ & COTLAR, LLP**

s/Soren E. Gisleson
**JAMES C. KLICK - #7451**
**STEVE J. HERMAN – #23129**
**SOREN E. GISLESON – #26302**
**JOSEPH E. CAIN – #29785**
**EDMOND H. KNOLL - #29046**
820 O'Keefe Avenue
New Orleans, Louisiana 70113
Telephone:  (504) 581-4892
Facsimile:  (504) 561-6024
www.hhkc.com

AND

**THE KNOLL LAW FIRM, LLC**
**JEROLD EDWARD KNOLL** - #2214
**JEROLD EDWARD KNOLL, JR.** - #26956
P.O. Box 426
233 South Main Street
Marksville, Louisiana 71351
Telephone: (318) 253-6200
Facsimile: (318) 253-4044